ROBERT H. JOHNSON, *et al.*, v. ELLA BURNS.

VERDICT, *Partly Unsustained by Evidence.* The plaintiff commenced an action, alleging, among other things, that the defendant, as her guardian, received on July 1, 1876, of her money, the sum of $1,364; and that on August 12, 1880, he purchased a piece of land, and paid therefor out of her said money, the sum of $500; and asked for judgment, among other things declaring that the defendant held the title to said land in trust for her; that a deed of conveyance for the land should be executed to her; and for the immediate possession of the property. The case was tried before the court and a jury, and the jury found, among other things, that the defendant used $500 of the plaintiff's money in purchasing and paying for said land. The defendant moved to set aside the verdict and findings of the jury, and for a new trial, upon the ground that the same were not sustained by sufficient evidence and were contrary to law, which motion was overruled. The court then rendered judgment in favor of the plaintiff and against the defendant, ordering, among other things, that the said sum of $500, with interest, should be considered a lien upon the land in controversy, and that the land should be sold to satisfy that amount. The defendant then took the case to the supreme court upon petition in error. The record of such case contains all the evidence; and, from such record, it does not appear that there was any evidence to sustain that portion of the verdict which finds that the defendant used $500 of the plaintiff's money in the purchase of said land; therefore, *held,* that the verdict must be set aside, and a new trial awarded.

*Error from Bourbon District Court.*

THE nature of the action, and the facts, appear in the opinion. At the May Term, 1882, of the district court, plaintiff

6—29 KAS.

*Burns* recovered judgment against defendants, who bring the case here.

*A. A. Harris,* for plaintiffs in error.

*Ware & Ware,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: Ella Burns brought an action in the district court of Bourbon county against Robert H. Johnson and Harriet E. Johnson, in which she alleged that the Johnsons were husband and wife; that Robert H. was appointed her guardian in the state of Kentucky, in the year 1870; that, as such guardian, he received of her money, on July 1, 1876, the sum of $1,364; that of that sum he had paid her only the sum of $200, the remainder being due to her. She alleged, among many other things not necessary now to fully set out, that when Robert H. removed to Kansas from Kentucky, he brought with him of her money the sum of $1,100, and that with that money he bought the eighty acres of land now in controversy, taking the title thereto in his own name, although, she says, it was the understanding between her and Robert H., that he was to buy the land for her, take the title in his own name, and then, on demand, deed it to her. She alleged that she had demanded the deed to the land, and that he had refused to make it. She prayed for a judgment for the amount of money due her, and for a decree declaring that Robert H. holds the title to the land in trust for her, and that a deed of conveyance for the land should be executed to her, and for the immediate possession of the property.

*Statement of facts.*

The defendants filed an answer, denying generally all the allegations of the plaintiff's petition, and setting forth, among other things, that the land in controversy is the defendant's homestead.

The case was tried by the court and a jury. At the trial certain questions were, by order of the court, submitted to a jury; among others, the following: "Did defendant purchase

the property mentioned in the petition, with money belonging to the plaintiff, and if so, how much money did he pay therefor, and when did he pay it?" The jury found in favor of the plaintiff and against the defendants, and ·answered the foregoing question as follows: "We, the jury, find that the defendant did purchase the property mentioned in the petition with money belonging to plaintiff; and we further find, he paid $500 for the same, on or about August 12, 1880."

The defendants moved the court to set aside the verdict and each and all the findings of the jury, and for a new trial, for the reason that the same were not sustained by sufficient evidence, and were contrary to law. The court overruled the motion, to which the defendants excepted. Afterward, the court rendered a judgment in favor of the plaintiff and against the defendant, Robert H. Johnson, for the amount of the plaintiff's claim, and also rendered a decree against both the defendants, declaring the said sum of $500 and interest a lien on the land in controversy, and directing a sale thereof to pay that amount. It was also found that the land was a homestead, and occupied by the defendants as such. But the claim of the plaintiff for the $500 was, however, held superior to the homestead interest of the defendants. The defendants excepted to all that portion of the decree which declared the sum of $500 with interest, a lien on the land, and which directed the sale of the land.

It was shown on the trial that all the parties were colored people, formerly slaves, and that they had removed from Kentucky to Kansas in 1878. It was admitted that the defendant Robert H. Johnson, was the guardian of the plaintiff in Kentucky, and as such ·had received about the sum of money set forth in the plaintiff's petition. On behalf of the plaintiff, the deposition of one Lindsay was read, which proved the guardianship and the receipt of the money. A deposition of the defendant, Robert H. Johnson, which the plaintiff had caused to be taken, was read on her behalf. She was also a witness for herself. The defendant Robert H. was also a witness on behalf of the defendants. No other testimony was

introduced, and it is all fully set out in the record brought to this court. The defendants below, as plaintiffs in error, bring the case to this court. The plaintiff below, defendant in error, files a cross-petition in error in this court, claiming that the judgment of the court below with respect to the land should have been rendered as she prayed in her petition.

The plaintiffs in error, defendants below, now claim that it was error in the court below not to set aside the verdict and finding of the jury to the effect that the land had been bought with the money of the plaintiff below; and they also object to that portion of the decree directing the sale of the land to pay the said sum of $500 and interest. The plaintiffs in error, defendants below, further claim that it was not pretended at the trial, nor was there any evidence showing that there was any agreement between the parties, by the terms of which the land was bought by the defendant Robert H. for the plaintiff, or that it was to have been conveyed to her; and that there was and is a total failure of proof on that proposition.

The jury found that $500 of plaintiff's money had been used in the purchase of the land in controversy, and the court below refused to disturb the finding; and the plaintiffs in error, defendants below, now claim that there was a total failure of proof on the part of the plaintiff on that point, and that the uncontradicted evidence of the defendants shows that the money with which the defendant Robert H. bought the land was his own money, and not the plaintiff's.

The defendant in error, plaintiff below, does not admit all that the plaintiffs in error claim; but still the defendant in error scarcely claims that any evidence was introduced in the court below to show that the land in controversy was purchased with money in which the defendant in error had any interest; and there do not appear to be any facts in the case which tend to show that any portion of the money paid for the land was any portion of the fund which Johnson held in trust for the plaintiff below. The facts, stated briefly and in chronological order, are as follows: In 1861 or 1862, Johnson removed to Frankfort, Kentucky, where he became acquainted

with the plaintiff below.  Her name then and until she was married was Ella Carter.  In 1867 he purchased of one Morrison Butcher, a piece of land in Kentucky.  On October 8, 1870, he was appointed guardian for the plaintiff.  On March 24, 1874, he received the deed for the land which he had purchased of Butcher.  On July 1, 1876, he received the plaintiff's money, $1,364, from the government of the United States, as pension-money belonging to the plaintiff and paid by the government of the United States in consideration of services of her father, Benjamin Carter, who lost his life while in the service of the United States.  About March 25, 1878, the parties removed from Kentucky to Kansas.  In February, 1879, the plaintiff became eighteen years of age.  In June, 1880, Johnson sold his land in Kentucky for $500, and shortly afterward purchased the land now in controversy, paying therefor the $500 which he received on the sale of his Kentucky land, and agreeing to pay $300 more, for which he gave his mortgage on the land in controversy.  He received the deed for the land in controversy on August 12, 1880, and shortly afterward made the land his homestead.  In November, 1881, he gave a second mortgage on the land in controversy, for the sum of $350, and with this money paid off the first mortgage.  This suit was commenced on November 8, 1881, and the trial therein was had in May, 1882.  The most of these facts were proved beyond question, and all of them would seem to be sufficiently proved.  The facts with reference to the purchase-money of the land in controversy were proved by Johnson's own evidence, and by corroborating circumstances.  The defendant in error, plaintiff below, says, however, that Johnson's evidence should not be believed.  There does not appear, however, to be anything in the case which would authorize a court or jury to disbelieve it.  But suppose that Johnson's evidence, so far as it is favorable to his own side of the case, should all be disbelieved and should all be stricken out, still Verdict partly unsustained by evidence. there would even then be no evidence showing that any portion of the purchase-money of the land in controversy was any portion of the trust fund be-

Johnson v. Burns.

longing to the plaintiff, and held by Johnson. And this is so, even with the most liberal view of the law and the evidence which the plaintiff could ask. For the purposes of this case, we shall assume that the law, as it is enunciated by the plaintiff's counsel in his brief, is just as such counsel claims it to be. We shall assume that the district court and this court, as courts of equity, can follow the trust fund through all its mutations, its transformations and substitutions, and into whatever shape or form it may take, and give it to the plaintiff, at least so long as it does not go into the hands of innocent parties for value.. But assuming all this to be the case, still we find no warrant in saying that the $500 paid by Johnson for the land in controversy, or any portion thereof, was in any manner or form, directly or remotely, any portion of the trust fund held by Johnson and belonging to the plaintiff. This being the case, the judgment of the court below must be reversed, and the cause remanded for a new trial; or, at the option of the plaintiff below, the judgment may remain, except that portion thereof which declares the $500, with interest, to be a lien upon the land in controversy, and which orders the land to be sold to satisfy that amount. This is in accordance with the rulings of this court from the organization of the court to the present time. Wherever a verdict or finding is not sustained by any evidence or by any sufficient evidence, this court will order the verdict or finding to be set aside, and will generally grant a new trial; and this will be done although the verdict or finding may have been approved by the district court. Wherever a material fact which is necessarily included in the verdict or finding is not sustained by sufficient evidence, the verdict or finding cannot be allowed to stand, but will be set aside by the supreme court, if it has not already been set aside by the district court. Judgment reversed.

All the Justices concurring.